# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NOEL BALBUENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 6852 |
| | ) | Wayne R. Andersen |
| JASON VUCKO, Badge 4107, | ) | District Judge |
| individually; and CHRISTOPHER | ) | |
| LENTI, Badge 5684, individually; and | ) | |
| THE CITY OF CHICAGO, an Illinois | ) | |
| Municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendants' motion to dismiss plaintiff's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). On July 24, 2007, plaintiff filed a third amended complaint. On August 30, 2007, this court ruled that defendant's motion to dismiss the second amended complaint shall stand for the third amended complaint. For the following reasons, the defendants' motion to dismiss is granted.

## BACKGROUND

The following factual allegations are taken from plaintiff's third amended complaint and are accepted as true for purposes of this motion to dismiss. On December 5, 2002, plaintiff was a passenger in an automobile which was occupied by four Hispanic males in the vicinity of 64th and Major in Chicago, Illinois. James Juarez ("Juarez") owned the vehicle and was operating it at all relevant times. At approximately 9 p.m. that evening, defendants Jason Vucko ("Vucko") and Christopher Lenti ("Lenti"), both Chicago police officers, stopped the vehicle. Defendants

ordered plaintiff and his companions to step out of the vehicle and conducted a search of

plaintiff's person.  Defendants did not find any contraband during that initial search.

Nevertheless, defendants placed plaintiff and Juarez into custody and transported them to the 8th

District police station, where plaintiff alleges that he was searched three more times and, during

the third search, defendants seized contraband from the sleeve of plaintiff's sweatshirt.

Defendants charged plaintiff with possession of less than 15 grams of cocaine and possession of

2.5 to 10 grams of marijuana.

Plaintiff alleges that defendants told a different version of events in their police reports

and during plaintiff's criminal proceedings.  Specifically, plaintiff alleges that Vucko stated in

his police reports and at plaintiff's criminal hearing that defendants had received information

from an informant that Hispanic males were standing on the corner of 63rd and Major selling

cannabis.  Plaintiff further alleges that Vucko testified that he and defendant Lenti drove to that

intersection and observed plaintiff and Juarez standing on a sidewalk purportedly selling

marijuana, and that defendants arrested the two men after observing this purported drug sale.

Plaintiff claims that the defendants disputed that plaintiff's arrest involved a traffic stop.

Plaintiff alleges that defendants' arguments were refuted by computer records of the City of

Chicago ("the City"), which supported plaintiff's version of the events surrounding plaintiff's

arrest.

On July 24, 2007, plaintiff filed a three-count, third amended complaint based upon the

foregoing.  Plaintiff brings Count I against individual defendants Vucko and Lenti, alleging that

Vucko and Lenti deprived plaintiff of his rights to liberty and due process of law in violation of

the Fourteenth Amendment and 42 U.S.C. § 1983 ("Section 1983") by withholding exculpatory

evidence relating to whether plaintiff's arrest involved a traffic stop and by defendants'

"extortionate invention of a crime." Plaintiff withdrew Count II in his third amended complaint. In Count III, plaintiff brings a claim for malicious prosecution against Vucko and Lenti, alleging that the defendants knew that there was no probable cause for initiating criminal proceedings against plaintiff and that defendants misrepresented the facts and circumstances of the arrest. In Count IV, plaintiff brings a claim for statutory indemnification against the City, alleging that the City is liable for damages based upon the actions of Vucko and Lenti, who were both City employees acting within the scope of their employment at the time of plaintiff's arrest. Currently before the court is defendants' motion to dismiss plaintiff's third amended complaint in its entirety.

## DISCUSSION

The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). In reviewing a Rule 12(b)(6) motion to dismiss, the court will view all facts in the light most favorable to the plaintiff. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). A complaint will not be dismissed unless it is clear that the plaintiff cannot prove facts consistent with its allegations that would entitle it to relief. *Id.*

*A. Count I fails to state a claim under the Fourteenth Amendment and Section 1983.*

In their motion to dismiss, defendants assert that Count I should be dismissed because defendants did not withhold any exculpatory evidence from plaintiff that would have helped plaintiff question or cross-examine defendants' versions of events in plaintiff's criminal proceeding. It is well established that the government's suppression of evidence favorable to an accused violates due process of law. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, there is no duty to disclose such exculpatory evidence when the plaintiff is present during and

aware of the alleged governmental misconduct involving the withholding of exculpatory evidence. *Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003). Further, a police officer's failure to testify truthfully does not result in a violation of due process under the Fourteenth Amendment or Section 1983. Rather, the "constitutional rule is that the defendant is entitled to a trial that will enable jurors to determine where the truth lies." *Buie v. McAdory*, 341 F.3d 623, 625-26 (7th Cir. 2003).

In this case, although the defendants do not dispute plaintiff's allegations that defendants gave false testimony at plaintiff's criminal proceeding, plaintiff's complaint nonetheless fails to allege that defendants withheld any exculpatory evidence from plaintiff in that proceeding that would have entitled plaintiff to a fairer trial. As in *Gauger*, here defendants Vucko and Lenti did not conceal evidence from the plaintiff; they apparently gave false testimony. While the giving of false testimony is to be condemned, the plaintiff was always aware of the truth behind his arrest because plaintiff was present during his arrest and the subsequent searches of his person. Further, plaintiff's complaint indicates that plaintiff had access to the City's computer records regarding the traffic stop, which plaintiff claims refuted defendants' versions of the events surrounding plaintiff's arrest. As a result, nothing was withheld from the plaintiff during his criminal proceeding and he had ample opportunity to confront Vucko and Lenti at the criminal hearing regarding the circumstances of his arrest and subsequent searches of his person. Therefore, plaintiff's third amended complaint fails to state any claim that plaintiff was deprived of any rights to liberty or due process of law in violation of the Fourteenth Amendment or Section 1983. Accordingly, Count I is dismissed.

*B. Count III is time-barred by the Illinois Tort Immunity Act.*

Defendants assert that plaintiff's state law claim for malicious prosecution in Count III

should be dismissed because it is time-barred by the Illinois Tort Immunity Act ("ITIA"). The

applicable provision of the ITIA provides:

> No civil action may be commenced in any court against a local
> entity or any of its employees for any injury unless it is
> commenced within one year from the date that the injury was
> received or the cause of action accrued. . . . [T]he term "civil
> action" includes any action, whether based upon the common law
> or statutes or Constitution of this State.

745 Ill. Comp. Stat. Ann. 10/8-101. In Illinois, a cause of action for malicious prosecution does

not accrue until the underlying criminal proceeding has been terminated in the plaintiff's favor.

*Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004).

Here, the ITIA applies to plaintiff's state law claim for malicious prosecution because

plaintiff has brought that claim against two employees of the City, a public entity. Plaintiff

concedes in his third amended complaint that the disposition of his criminal proceeding became

final in mid-January 2004. Thus, under the ITIA plaintiff was required to file his state law claim

for malicious prosecution by mid-January 2005. Plaintiff, however, did not file that claim until

December 2005, nearly one year too late. Accordingly, plaintiff's claim for malicious

prosecution is time-barred under the ITIA and Count III is dismissed.

*C. Count IV fails to state a claim against the City of Chicago.*

Defendants assert that plaintiff's claim against the City in Count IV for statutory

indemnification should be dismissed because individual defendants Vucko and Lenti are not

liable to plaintiff and thus there is nothing against which the city need indemnify plaintiff. In their motion to dismiss, defendants correctly point out that in Illinois "[a] local public entity is not liable for an injury resulting from an act or omission of its employees where the employee is not liable." 745 ILCS 10/2-109. For the reasons stated above, plaintiff has failed to state a claim against individual defendants Vucko and Lenti. Thus, because Vucko and Lenti are not liable to plaintiff in this case, the City is also not liable to plaintiff. Accordingly, Count IV is dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, defendants' motion to dismiss [43] plaintiff's second amended complaint is granted. Pursuant to this court's order of August 30, 2007 [50], defendant's motion applies to the third amended complaint. The third amended complaint is therefore dismissed. This case is terminated.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Date: October 18, 2007